IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN RAYMOND JOHNSON,

    Plaintiff,

v.                                                     Civ. No. 11-413 JP/GBW

SOUTHWESTERN PUBLIC SERVICE
COMPANY d/b/a Xcel Energy, XCEL
ENERGY SERVICES, INC.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

THIS MATTER is before the Court on Defendants' Motion to Compel Answers and Responses to Its First Set of Discovery Requests ("Motion"). *Doc. 36*. Defendants contend that Plaintiff's answers to various interrogatories are incomplete. Because the Court agrees, the Court will grant the Motion, order a full response, and impose sanctions.

## BACKGROUND

Defendant Southwestern Public Service Company employed Plaintiff for 37 years. *Doc. 40* at 1. Plaintiff, an African American, worked as a "'Serviceman', or Journeyman/Lineman.'" *Id.* Defendant fired Plaintiff some time after Plaintiff was in an automobile accident in a company vehicle. *Id.* at 1-2. Plaintiff brought suit in this Court alleging Defendant impermissibly fired him because of his disability or, in the alternative, because of his race. *Doc. 1* ¶¶ 17-18. In addition to suing Southwestern

Public Service Company, Plaintiff also named Xcel Energy Services ("XESI") as a defendant in this suit. *Id.*

## ANALYSIS

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* 33(b)(3). If a party objects to an interrogatory, "[t]he grounds for objecting . . . must be stated with specificity[, and a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* 33(b)(4). Where a party fails to answer an interrogatory, parties may move the court to compel a response. *Id.* 37(a).

*Blanket Definitions*

Defendants first contend that Plaintiff improperly objected to the use of definitions at the beginning of the interrogatories that apply to all subsequent interrogatories. *Doc. 36* at 2-3. Plaintiff alleges that the definitions are improper because they effectively serve to multiply the number of interrogatories beyond the permissible number. *Doc. 40* at 4-5. Plaintiff is incorrect.

Where a party objects to a discovery request, he must do so with specificity. Fed. R. Civ. P. 33(b)(4). "If the responding party . . . fails to state the reason for an objection, he may be held to have waived any or all of his objections." *Lucero v. Martinez*, No. CIV

03-1128 JB/DJS, 2006 U.S. Dist LEXIS 29160, at *5 (D.N.M. Mar. 11, 2006). A party may not simply object generally – the party must specifically identify the part of an interrogatory to which he objects. *See Peat, Marwick, Mitchell & Co v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984) (rejecting "bald-faced assertion" as "insufficient").

Plaintiff has not alleged any specific objections either to individual definitions or to their application to a specific interrogatory. Nor has Plaintiff indicated exactly how the inclusion of standard definitions at the beginning of interrogatories, as opposed to interspersed within each question, actually inflates the number of responses required. As such, the objection is either improper or has not been made with the required specificity. Thus, the Court agrees with Defendant as to the propriety of the definitions and the Court will strike Plaintiff's objections to the definitions. Insofar as the definitions apply to subsequently compelled answers to these interrogatories, Plaintiff shall provide answers consistent with the provided definitions.[1]

*Interrogatory Four*

Defendants next object to Plaintiff's failure to respond completely to Interrogatory Number Four – an interrogatory asking for the material facts and law upon which Plaintiff sues Defendant XESI. *Doc. 36* at 3-4. In his response to the instant motion, Plaintiff states he had brought suit against XESI because it "appears [to be] the

---

[1] Defendants have not expressly indicated where, if at all, the objection to the definitions has actually manifested itself in a deficient response. As such, on this specific dispute, there is nothing for the Court to compel in the way of a response.

3

real party in interest and the entity responsible for the illegal acts of retaliation . . . ." *Doc. 40* at 5. In reply, Defendants note that Plaintiff has not previously asserted this as his answer, and that he must either provide a full answer or "provide a sworn discovery response" saying that the aforementioned is the basis for naming XESI as a defendant in the suit. *Doc. 44* at 2. The Court agrees with Defendants. If Plaintiff intends to proceed on the ground that XESI is the real party in interest, Plaintiff must so answer in a form other than the response to the instant motion. If not, then – for the reasons stated *infra* about the propriety of contention interrogatories – Plaintiff should give a full explanation in response to the interrogatory. As such, Plaintiff must either formally declare that XESI is the real party in interest or provide a full response to Defendants' fourth interrogatory.

### *Interrogatory Eight*

Similar to the dispute over Interrogatory Four, the dispute over Interrogatory Eight appears to be resolved pending a sworn assertion by Plaintiff. In that interrogatory, Defendants asked Plaintiff for certain information regarding Plaintiff's alleged disability. *See doc. 36* at 4-5. Prior to the instant motion, Plaintiff apparently objected on the ground that nothing required Plaintiff to provide that information. *See id.* at 5 ("In his letter defending his Answers, Plaintiff claims his diabetes qualifies under the Americans with Disabilities Act, regardless of whether it is a physical or mental impairment or whether it substantially limits a major life activity."). In responding to

4

the instant motion, however, Plaintiff defended the failure to answer fully as proper because "this is not an ADA case."[2] *Doc. 42* at 6. As with Interrogatory Four, Defendants replied that Plaintiff must either assert that ground in a sworn response or, in the alternative, fully respond. Here as well, the Court agrees. As required *supra*, Plaintiff must either formally declare that the Americans with Disabilities Act is not the basis of this suit or, because the question is also a proper contention interrogatory, *see infra*, Plaintiff must fully answer.

*Contention Interrogatories*

Each of the interrogatories at issue asks Plaintiff to identify "all material legal and factual bases" for different elements of Plaintiff's claims. *See, e.g., doc. 36* Ex. C at 2. In responding to interrogatories eight and ten through fifteen, Plaintiff has neglected to identify the legal bases. *See generally doc. 36,* Exhibits. Defendants contend that the interrogatories are proper and the law requires Plaintiff to answer them. Plaintiff counters that the facts he has given constitute full and complete answers. *See doc. 40* at 6-7. Plaintiff also contends that Defendants are "asking this Court to order the Plaintiff, individually, to offer legal arguments in response to an anticipated motion to dismiss or motion for summary judgment." *Id.* at 7. The Court finds that the interrogatories are

---

[2] This contention is exceptionally perplexing. As a basis for his suit, Plaintiff's complaint expressly states that "Plaintiff's termination was, in fact, motivated by his disability in violation of Title I of the Americans With Disabilities Act of 1990, the ADAA [sic], and 42 U.S.C. 12101 *et seq.*" *Doc. 1.* ¶ 17. Plaintiff actually reiterates this allegation verbatim in his response to the instant motion only three pages prior to stating that this is not an ADA case. *See doc. 40* at 2-3 (reciting same language as Complaint). As such, the proper vehicle for Plaintiff to assert that this is not an ADA case may not to be a sworn response, but rather may entail moving for leave to amend his complaint to remove reference to the ADA claims.

5

proper and that they have not been sufficiently answered due to the failure to address the legal bases of each.[3]

"Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). Contention interrogatories include interrogatories that "ask a party . . . to explain how the law applies to the facts." *Id.* Contention interrogatories are permissible and can be very useful by "clarifying and narrowing the issues in litigation . . .[]" *Id.* However, they may be improper, "especially if they are broadly drafted and served early in the discovery process." *Id.*

Defendants' contention interrogatories are not improper on either of those bases. First, the contention interrogatories cannot be said to be overly broad. Interrogatory Ten limits the inquiry to "any adverse employment action" Plaintiff allegedly suffered. *See doc. 36* Ex. C at 4. Similarly, Interrogatory Eleven limits the inquiry to "direct evidence [Plaintiff has] to attribute any discriminatory intent to Defendants . . . ." *Id.* Ex. C. at 5. Each of the remaining interrogatories in question focuses similarly upon a

---

[3] Even if the Court disagreed with Defendants as to the validity of the questions as contention interrogatories, it would still find that Plaintiff's objection is insufficient. Plaintiff's responses to interrogatories ten through fifteen do not actually state that Plaintiff raises any objection. *See doc. 40* at 6-7; *doc. 36* Exhibits. Rather, Plaintiff's answers to interrogatories ten and thirteen simply contain a limited answer along with Plaintiff's statement that he is not a lawyer. *See, e.g., Doc. 36* Ex. C at 4 ("This Interrogatory asks for information based on the law and legal argument – I am not a lawyer."). Responses to interrogatories eleven, twelve, fourteen, and fifteen incorporated the responses to the same. The assertion "I am not a lawyer" is neither a valid basis to object nor a specific enough assertion and, thus, compelled response would be merited regardless.

specific aspect of the case. *See generally id.* Ex. C. at 5-6. As such, they are sufficiently limited as to constitute proper contention interrogatories.

Further, Defendants do not offer the contention interrogatories prematurely. Plaintiffs first filed this case with this Court on May 12, 2011. *Doc. 1.* Defendants answered five months ago. *See doc. 4.* Discovery in this matter will conclude in less than one month, on January 3. *See doc. 18*. Significantly, in a hearing on another matter in this case, both sides indicated the belief that they would be prepared for a settlement conference in this matter following one additional deposition. *See doc. 46.* Given the extensive progress in this case, the Court finds that Defendant properly offers the contention interrogatories at this time.

Having reviewed the disputed interrogatories (#10-#15) on an issue by issue basis, the Court concludes that they are proper and full responses thereto shall be compelled.

*<u>Sanctions</u>*

Pursuant to Federal Rule of Civil Procedure 37(a)(5), where the Court grants a Motion to Compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Sanctions are not required, however, where the movant has not made a good-faith effort to acquire the

information before filing the motion, when the opposing party was substantially justified in its nondisclosure, or if other circumstances make the award unjust. *Id.* 37(a)(5)(A)(i)-(iii).

As noted herein, Plaintiff has failed to respond adequately or properly object to each of the interrogatories upon which Defendants filed this motion. There is no dispute that Defendants attempted to obtain disclosure without court action. *See doc. 36*, Exs. E-G. Having reviewed Plaintiff's Response to the instant motion and the correspondence between counsel regarding this discovery dispute, the court does not find that Plaintiff was substantially justified in his nondisclosure or any other circumstances would make an award of expenses unjust.[4] As a result, the Court must award Defendants' reasonable expenses incurred in making the motion, including attorney's fees.[5]

## **CONCLUSION**

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Compel is GRANTED. Plaintiff is ORDERED either to provide the aforementioned formal declarations or to answer fully each of the interrogatories at issue in the instant motion.

---

[4] On this point, the Court particularly notes the disparity between Plaintiff's explanations given to Defendant for nondisclosure and Plaintiff's explanations in his Response.

[5] With respect to the "opportunity to be heard" requirement, because Defendants made a request for sanctions in their Motion and Plaintiff was permitted to submit a brief in response, this requirement is met. *See Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 666-67 (D. Kan 2004).

IT IS FURTHER ORDERED that Defendants' counsel shall file an affidavit outlining the expenses incurred in making the Motion, including attorney's fees, within seven (7) days of the entry of this Order.  However, if counsel for the parties are able to reach an agreement as to the payment of expenses, then counsel for Defendants need not file the affidavit.  If no agreement is reached, Plaintiff's counsel shall have seven (7) days to file a pleading stating any objection to the amount of expenses claimed by Defendants' counsel.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE